UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

OSCAR ALEXIS URTIZ-ESQUIVEL,

                Petitioner,                Case No. 1:26-cv-481

v.                                     Honorable Hala Y. Jarbou

JOHN CHRISTIANSEN,

                Respondent.

_____/

**OPINION**

Petitioner Oscar Alexis Urtiz-Esquivel commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) This matter is presently before the Court on Petitioner's motion to stay these proceedings and hold them in abeyance so that he can return to state court and file a motion for relief from judgment pursuant to Michigan Court Rule 6.502. Petitioner seeks that relief because he intends to eventually raise in this Court "additional constitutional claims that have not yet been exhausted." (ECF No. 3, PageID.13.) For the reasons stated below, the Court will grant Petitioner's motion.

Petitioner is incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of first-degree murder, in violation of Mich. Comp. Laws § 750.316; conspiracy to commit murder, in violation of Mich. Comp. Laws § 750.316(4)(c)(iii); assault with intent to commit murder, in violation of Mich. Comp. Laws § MCL 750.83; gang membership, in violation of Mich. Comp. Laws § 750.411u; carrying a concealed weapon, in violation of Mich. Comp. Laws § 750.227; two counts of felony-firearm, in

violation of Mich. Comp. Laws § 750.227b; and three counts of perjury, in violation of Mich. Comp. Laws § 767A.9(1)(b). On May 10, 2022, the trial court sentenced Petitioner to 82 months to 60 years in prison for each perjury conviction; 30 to 60 years' imprisonment for his first-degree murder, conspiracy to commit murder, and assault with intent to murder convictions; 104 months to 20 years' imprisonment for his gang membership conviction; two to five years' imprisonment for his carrying a concealed weapon conviction; and 2 years' imprisonment for his felony-firearm convictions.

The Michigan Court of Appeals set forth the following summary of the facts underlying Petitioner's convictions:

> This case stems from the shooting and death of the victim, Saul Espinoza, at a fireworks celebration on July 6, 2019, in Grand Rapids, Michigan. The victim was shot after defendant and four companions, all members of the "Latin Kings" gang, observed a car being driven by the victim, who was a purported member of a rival gang, the "Mexican Mob." Defendant and the other four men yelled threats at the victim and ambushed his car when he stopped in traffic. Multiple shots were fired at the victim, resulting in his death. The victim's girlfriend, who was in the car with him, was also shot but survived.
>
> The prosecutor filed multiple charges against defendant in two separate cases, one involving the murder and other offenses, and the second involving perjury. The perjury charges were the result of an interview defendant had with investigators under an investigative subpoena in which he falsely claimed to not know certain individuals connected with the crime. The trial court eventually joined the two cases at the prosecutor's request.

*People v. Urtiz-Esquivel*, No. 360037, 2024 WL 2220342, at *1 (Mich. Ct. App. May 16, 2024).

Petitioner, with the assistance of counsel, appealed his convictions and sentences to the Michigan Court of Appeals, raising four claims, the first three of which are raised again in his habeas petition. The court of appeals rejected Petitioner's arguments and affirmed his convictions and sentences on May 16, 2024. *See id.* Petitioner, again with the assistance of counsel, then sought leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's

application for leave to appeal on November 22, 2024. *People v. Urtiz-Esquivel*, 13 N.W.3d 312

(Mich. 2024).

On February 3, 2026, Petitioner filed his habeas corpus petition raising four grounds for

relief: the first three of the four issues he raised in the Michigan appellate courts and one new issue

claiming that the cumulative effect of the other errors rendered Petitioner's trial fundamentally

unfair. When Petitioner filed his petition, he also filed a motion asking the Court to stay these

proceedings and hold them in abeyance while Petitioner returns to the state courts to exhaust

additional issues.

Habeas petitions by state prisoners are subject to the one-year statute of limitations

provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the

Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

3

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.

The Michigan Supreme Court denied Petitioner's application for leave to appeal on November 22, 2024. Petitioner did not petition the United States Supreme Court for a writ of certiorari, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Thursday, February 20, 2025. Accordingly, absent tolling, Petitioner had one year from that date,[1] until February 20, 2026, to file his habeas petition. Petitioner filed the instant petition on February 3, 2026, with 17 days remaining before expiration of the limitations period.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.

---

[1] The one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

*O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). It is apparent that Petitioner exhausted the first three grounds for relief set forth in his section 2254 petition. It may be that Petitioner exhausted his fourth issue as well. But Petitioner has not exhausted the additional "issues" referenced in his motion to stay. Instead, he intends to do so by filing a motion for relief from judgment pursuant to Rule 6.502.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Generally, under Michigan law, only one such motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* may be filed after August 1, 1995. *See* Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his allotted motion for relief from judgment. If Petitioner's motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions including unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-

5

year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that harsh result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to petitions that include unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). That is the relief Petitioner seeks.

The *Palmer* Court has indicated that 30 days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that 60 days amounts to a mandatory period of equitable tolling under *Palmer*). When Petitioner commenced this action, he had only 17 days remaining before the statute of limitations would expire. Moreover, six months have passed since Petitioner filed his petition. Thus, absent some relief, Petitioner would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this Court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition now without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

In light of the foregoing, the Court will grant Petitioner's motion to stay these proceedings and hold them in abeyance. Petitioner shall, within 30 days of the date of this opinion and the accompanying order, file his motion for relief from judgment in the Kent County Circuit Court. This action will be stayed, and held in abeyance, until Petitioner files a motion to amend his petition to include any subsequently exhausted claims—such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of the decision at each step of state-court review. If Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

The Court will order this action to be administratively closed until such time as Petitioner files a motion to amend his petition or a motion to lift the stay in accordance with the procedures set forth above.

Dated:   August 4, 2026                          /s/ Sally J. Berens
                                                 SALLY J. BERENS
                                                 United States Magistrate Judge